UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY THOMAS FICHT,

    Petitioner,

v.

    Case No. 2:19-cv-11323
    Honorable Sean F. Cox
    Magistrate Judge David R. Grand

MELINDA BRAMAN,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE [7] AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

This matter has come before the Court on petitioner Jerry Thomas Ficht's *pro se* habeas corpus petition and his motion to hold the petition in abeyance while he exhausts state remedies. For the reasons given below, the Court grants Petitioner's motion and closes this case for administrative purposes.

### I. Background

In 2016, Petitioner was convicted of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. The state trial court sentenced Petitioner to prison for five to ten years. The Michigan Court of Appeals affirmed Petitioner's conviction, *see People v. Ficht*, No. 334021, 2018 WL 521828 (Mich. Ct. App. Jan. 23, 2018) (unpublished), and on July 3, 2018, the Michigan Supreme Court denied leave to appeal. *See People v. Ficht*, 502 Mich. 904; 913 N.W.2d 288 (2018).

On May 6, 2019, Petitioner filed his habeas corpus petition. He alleges as grounds for relief that: (1) the trial court deprived him of his constitutional rights to present a defense and to be judged by a properly instructed jury when the court (a) denied his

request for a jury instruction on self-defense and (b) instructed the jury on flight; (2) the trial court abused its discretion when it denied his motion to strike the complainant's testimony after the complainant admitted that he violated the court's sequestration order; and (3) his conviction must be vacated due to the lack of proof of intent to harm the complainant. Petitioner alleges that he presented these issues to the state courts on direct review.

After the Court ordered the State to file a responsive pleading, Petitioner filed a motion to hold his case in abeyance while he exhausts state remedies for five new claims. The Court understands the unexhausted claims to allege that: (1) Petitioner's trial attorney failed to present a substantive defense when he advanced a self-defense theory, but prevented Petitioner from testifying and also failed to call credible witnesses to establish a claim of self-defense; (2) the trial court erred when it refused to re-instruct the jury on the elements of the crime after the jury foreman requested a re-instruction on the elements; (3) the trial court and prosecutor violated Michigan Rule of Evidence 404(b) when they admitted prejudicial "other acts" despite Petitioner's objections to the evidence; (4) Petitioner's trial attorney was ineffective because he failed to conduct a reasonable investigation and coerced Petitioner into not testifying; and (5) Petitioner's appellate attorney rendered ineffective assistance when she failed to conduct a post-conviction investigation, failed to interview witnesses, failed to file a motion to correct the state-court record, and refused to raise a claim of ineffective assistance of trial counsel. The State has not filed an answer to Petitioner's motion, and its answer to the habeas petition currently is not due until December 20, 2019.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). A federal district court normally must dismiss a petition containing any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner appears to have exhausted state remedies for the three claims that he presented to the Court in his habeas petition. He now wishes to raise five additional issues that he has not presented to the state courts.

A dismissal of Petitioner's habeas petition while he pursues state remedies for several additional claims could result in a subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). As a result of the interplay between the one-year habeas statute of limitations and *Lundy's* dismissal requirement, the Supreme Court has approved a stay-and-abeyance procedure which permits a district court to hold a habeas petition in abeyance while the petitioner returns to state court to exhaust state remedies for previously unexhausted claims. *See Rhines*

v. Weber, 544 U.S. 269, 275 (2005).  "Once the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court."  Id. at 275-76.  This stay-and-abeyance procedure normally is available when the petitioner had good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in intentionally dilatory litigation tactics.  Id. at 278.  If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition.  Id.

Petitioner alleges that his former attorneys and his treatment for mental illness are "cause" for his failure to raise his unexhausted claims on direct appeal and that he is not engaged in intentionally dilatory litigation tactics.  Furthermore, because at least some of Petitioner's unexhausted claims arguably have potential merit, it would not be an abuse of discretion to stay this case while Petitioner pursues additional state-court remedies.

The Court recognizes that the Supreme Court's decision in Rhines addressed a "mixed" petition of exhausted and unexhausted claims, whereas Petitioner's pleading contains only presumptively exhausted claims.  District courts, however, "ordinarily have authority to issue stays," id. at 276, and some appellate courts have applied Rhines' stay-and-abeyance procedure where the petition was not a "mixed" petition.  See, e.g., Doe v. Jones, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had discretion to consider a Rhines stay even though the petitioner filed an "unmixed" petition, because "a categorical bar on stays for unmixed petitions would 'unreasonably impair the prisoner's right to relief' and could 'effectively end any chance at federal habeas review' ") (citations omitted); Heleva v. Brooks, 581 F.3d 187, 191-92 (3d Cir. 2009) (concluding from the Supreme Court's decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005), that the

4

Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances beyond the presentation of a mixed petition").

Accordingly, the Court GRANTS Petitioner's motion to hold his habeas petition in abeyance and closes this case for administrative purposes. The State need not file a responsive pleading at this time, and nothing in this order shall be construed as an adjudication of Petitioner's current claims.

As a condition of the stay, Petitioner must file a motion for relief from judgment in the state trial court within ninety (90) days of the date of this order if he has not already filed such a motion. Additionally, if Petitioner is unsuccessful in state court and wishes to return to federal court, he must file a motion to re-open this case and an amended habeas corpus petition within ninety (90) days of exhausting state remedies for his new claims. The amended petition must contain the case number and caption for this case, and because the amended petition will replace the initial petition, it must include all the exhausted claims that Petitioner wants the Court to adjudicate. Any failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Dated: October 10, 2019	s/Sean F. Cox
	Sean F. Cox
	U. S. District Judge