UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY THOMAS FICHT,

      Petitioner,                 Civil Action No. 2:19-CV-11323
                                    HONORABLE SEAN F. COX
v.                              CHIEF UNITED STATES DISTRICT JUDGE


MELINDA BRAMAN,

      Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Jerry Ficht, ("petitioner"), currently residing in Macomb Township, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12.  For the reasons that follow, the petition for writ of habeas corpus is DENIED. [1]

---

[1] The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on May 25, 2023.  The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Whether a petitioner is in custody for purposes of the habeas corpus statute is determined at the time that the petition is filed. *Sevier v. Turner*, 742 F. 2d 262, 268 (6th Cir. 1984).  Because petitioner was still serving his sentence at the time he filed his petition, he satisfies the "in custody" requirement of §§ 2241(c)(3) and 2254(a), in spite of his subsequent discharge.  Once federal jurisdiction has attached to a habeas petition in federal district court, "it is not defeated by the release of the petitioner prior to completion of proceedings" on his or her habeas application. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

## I.     Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court and was sentenced to 5-10 years in prison.

Petitioner assaulted the victim, who was his next door neighbor, while the victim was outside blowing leaves with a leaf blower in his yard.  Petitioner was angry with the victim for blowing leaves onto his lawn and approached him.  Petitioner punched the victim in the side of the head and hit the victim again with his forearm in the same spot, despite knowing that the victim was handicapped due to a prior closed head injury. As a result of the assault, the victim suffered an epidural hematoma of the brain and a skull fracture in the bone that travels behind the right ear. The victim was required to undergo emergency brain surgery.

Petitioner's conviction was affirmed on appeal. *People v. Ficht*, No. 334021, 2018 WL 521828 (Mich. Ct. App. Jan. 23, 2018); *lv. den.* 502 Mich. 904, 913 N.W.2d 288 (2018).

Petitioner filed a petition for writ of habeas corpus, which was held in abeyance so that petitioner could return to the state courts to exhaust additional claims. (ECF No. 9).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Ficht,* No. 15-4155-FH (Macomb Cty. Cir.Ct., May 7, 2021).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Ficht,* No. 357936 (Mich. Ct. App. Dec. 1, 2021); *lv. den.* 509 Mich. 976, 973 N.W.2d 157 (2022).

The Court granted petitioner's motion to reopen the case and gave him an extension of time to file an amended habeas petition containing the claims that he raised on post-conviction review. (ECF No. 18).  Petitioner did not file an amended habeas petition.  Respondent has now filed an answer to the original habeas petition. Petitioner in his original petition seeks habeas relief on the following grounds: (1) the trial court deprived him of his constitutional rights to present a defense

and to be judged by a properly instructed jury when the court (a) denied his request for a jury instruction on self-defense and (b) instructed the jury on flight; (2) the trial court abused its discretion when it denied his motion to strike the complainant's testimony after the complainant admitted that he violated the court's sequestration order; and (3) his conviction must be vacated due to the lack of proof of intent to harm the complainant.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as

'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A.  Claim # 1. The jury instruction claims.**

Petitioner first argues he is entitled to habeas relief because of instructional error.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).  Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).  It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.  Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Petitioner first argues that the trial judge erred in denying his request that the jury be instructed on the defense of self-defense.  The Michigan Court of Appeals rejected the claim, concluding that petitioner was not entitled under Michigan law to an instruction on self-defense because petitioner was the initial aggressor, there was no evidence that the victim had actually

4

threatened petitioner with the leaf blower, and the force used by petitioner was excessive, in light of the serious head injuries suffered by the victim. *People v. Ficht*, 2018 WL 521828, at * 2.

Petitioner is not entitled to habeas relief, because the United States Supreme Court has never clearly established that the federal constitution requires the giving of a self-defense instruction. In the absence of any Supreme Court caselaw holding that a criminal defendant has a constitutional right to a self-defense instruction, petitioner has no basis for habeas relief under § 2254(d)(1). *See Keahey v. Marquis*, 978 F.3d 474, 479 (6th Cir. 2020).

Petitioner further claims that the judge erred in giving the jurors an instruction on flight and concealment. M Crim JI 4.4(2) states, "A person may run or hide for innocent reasons, such as panic, mistake, or fear. However, a person may also run or hide because of a consciousness of guilt." Petitioner claims that the judge erred in giving the jurors this instruction because he fled the scene only because the victim's girlfriend came outside and pointed a gun at him.

Under Michigan law, flight is relevant to prove a defendant's consciousness of guilt. *Johnson v. Burke*, 903 F. 2d 1056, 1062 (6th Cir. 1990)(internal citations omitted). Thus, the giving of a flight instruction did not violate petitioner's due process rights or render the trial fundamentally unfair, particularly in light of the fact that the flight instruction directed jurors to make their own determinations as to whether petitioner did, in fact, attempt to flee the scene and if so, what state of mind such flight evinced. *See Burton v. Renico,* 391 F. 3d 764, 778 (6th Cir. 2004); *See also U.S. v. Carter*, 236 F. 3d 777, 792, n. 11 (6th Cir. 2001)(not an abuse of discretion for the district court to give a flight instruction, though defendant may have had a reason to flee from officers other than guilt of the criminal charge, where the instruction stated that evidence of flight may or may not indicate a defendant's guilty conscience or intent to avoid punishment). Petitioner is not entitled to habeas relief on his first claim.

**B.  Claim # 2. The sequestration claim.**

Petitioner next claims that the trial court erred by denying his motion to strike the victim as a witness following the victim's alleged violation of the trial court's sequestration order.

A state trial court's failure to sequester witnesses does not violate the federal constitution and thus cannot form the basis of federal habeas relief. *Pillette v. Berghuis*, 630 F. Supp. 2d 791, 803-04 (E.D. Mich. 2009); *aff'd in part, rev'd in part on other grds,* 408 F. App'x 873 (6th Cir. 2010); *cert. den*. 569 U.S. 829 (2011).  Petitioner is not entitled to relief on this claim.

**C.  Claim # 3. The sufficiency of evidence claim.**

Petitioner finally argues that there was insufficient evidence that he intended to inflict great bodily harm on the victim, so as to sustain his conviction for assault with intent to do great bodily harm.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of

6

that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm *less than murder*." *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017)(*quoting People v. Brown*, 267 Mich. App. 141, 703 N.W.2d 230, 236 (2005))(emphasis original).  Assault with intent to do great bodily harm is a specific intent crime which requires "an intent to do serious injury of an aggravated nature," but an actual injury need not occur. *Id.* (internal citations omitted).

The Michigan Court of Appeals rejected petitioner's claim:

> Reviewing the evidence in the light most favorable to the prosecution, there was ample evidence to support a rational trier of fact finding beyond a reasonable doubt that defendant intended to seriously injure Miller. Eyewitnesses, including the victim, testified that defendant walked aggressively toward Miller and began yelling at him prior to the attack. Defendant's own statement to the deputy was that he was sick of Miller blowing leaves on his lawn and he began a verbal altercation with him. Witnesses testified that defendant punched Miller in the side of the head and that Miller was bleeding from his ear after the attack. The head is a vital organ and defendant struck it with such force as to cause life-threatening internal bleeding. Miller required emergency medical care and his surgeon testified that he needed urgent surgery to decompress the brain. A rational juror could conclude,

based on the eyewitness and medical testimony, that defendant intended to seriously harm Miller.

*People v. Ficht*, 2018 WL 521828, at * 4.

In the present case, evidence that petitioner had punched the victim in the head with such force that it caused the victim to suffer internal bleeding necessitating emergency brain surgery was sufficient for a rational trier of fact to conclude that petitioner intended to inflict great bodily harm on the victim, so as to sustain his conviction for assault with intent to do great bodily harm. *See e.g. People v. Pena*, 224 Mich. App. 650, 659–60, 569 N.W.2d 871, 876 (1997), *modified and remanded in part on other grds*, 457 Mich. 885, 586 N.W.2d 925 (1998). Petitioner is not entitled to relief on his third claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is not warranted in this case. *Hayes v. Horton*, 596 F. Supp. 978, 994 (E.D. Mich.

2022). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *Id.* (citing Fed.R.App. P. 24(a)).

## V.  <u>ORDER</u>

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**  Petitioner will be **DENIED** leave to appeal *in forma pauperis*.


Dated: January 11, 2024                    s/Sean F. Cox_____
                                           Sean F. Cox
                                           U. S. District Judge